## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CHANGZHOU TRINA SOLAR ENERGY CO. LTD., ET AL., | ) ) ) |
|     Plaintiffs and Consolidated Plaintiff, | ) ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) Before: Claire R. Kelly, Judge ) |
|     Defendant, | ) Consol. Court No. 17-00199 ) |
| and | ) ) |
| SOLARWORLD AMERICAS, INC. and CHANGZHOU TRINA SOLAR ENERGY CO., LTD., | ) ) ) |
|     Defendant-Intervenor and Consolidated Defendant-Intervenor. | ) ) ) |

### PLAINTIFF TRINA'S SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR JUDGMENT ON THE AGENCY RECORD

                                              Robert G. Gosselink
                                              Jonathan M. Freed
                                              **TRADE PACIFIC PLLC**
                                              660 Pennsylvania Avenue, SE, Suite 401
                                              Washington, D.C.  20002
                                              (202) 223-3760

                                              Counsel to Plaintiffs Changzhou Trina Solar Energy
                                              Co., Ltd.; Trina Solar (Changzhou) Science and
                                              Technology Co., Ltd.; and Trina Solar (U.S.) Inc.

Dated:  October 30, 2018

**PLAINTIFF TRINA'S SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR JUDGMENT ON THE AGENCY RECORD**

**I.     INTRODUCTION**

On October 16, 2018, counsel for Plaintiffs, Changzhou Trina Solar Energy Co., Ltd.; Trina Solar (Changzhou) Science and Technology Co., Ltd.; and Trina Solar (U.S.) Inc., (hereinafter Plaintiffs or "Trina"), participated in oral argument in the matter of Changzhou Trina Solar Energy Co., Ltd. et al v. United States (CIT Consol. Court No. 17-00199).  During oral argument and through email correspondence with the case manager for this case, the Court requested that Plaintiffs provide additional supplemental authority discussed during the oral argument with regard to Commerce's practice when calculating the indirect selling expense ratio of US sellers affiliated with respondent exporters.  Thus, Trina provides below the additional supplemental authority and a brief explanation of how this authority further supports Plaintiffs' position with respect to Commerce's practice of including debt restructuring amounts recorded on a company's income statement in the summation of the U.S. indirect selling expenses that re included in the calculation of constructed export price.

**II.     The Ruling and Remand Redetermination in *Liberty Frozen Foods Pvt. Ltd. v. United States* Further Demonstrates Commerce's Practice Articulated In Plaintiffs' Moving Brief and Reply Brief**

In Trina's moving brief and reply brief, Trina explained that Commerce has a long history of treating indirect selling expenses and income of a U.S. reseller affiliated with a respondent exporter as *period* expenses and income that are properly allocable in their entirety to the period of review.  See Trina's Rule 56.2 Brief, pages 12-14, 17-cv-00199-CRK, ECF Doc. No. 29, see also, Trina's Reply Brief, page 15, 17-cv-00199-CRK, ECF Doc. No. 45.

In a remand redetermination in a separate action, Commerce explained,

> It is the Department's practice to base indirect selling expenses on the amounts recorded in a company's books and records during the period under review……When determining the total expenses incurred, the Department is not concerned with expenses recorded in specific months but rather the aggregate amount incurred over the POR…….companies normally make year-end adjusting entries in their accounting records, either as a standard course of business, or as a result of a requirement by their auditors.
>
> Examples of these types of entries are depreciation expenses recognized once a year, reserves for various contingencies, or, as in this case, doubtful accounts which, sometimes after years of consideration, are finally written off for various reasons (as in this case, when LFF determined that full payment for the sale in question would not be received). Just as companies normally do not reflect such annual adjustments in quarterly, monthly or weekly terms, the Department, as a rule, also does not attempt to pro-rate such adjustments into shorter periods of time. Therefore, the Department does not normally parse year-end entries into POR- and non-POR components, nor does it request that respondents submit information on adjusting entries recorded in their books and records after the POR.

*Final Results Of Redetermination Pursuant To Court Remand*, Nov 15, 2011 in response to *Liberty Frozen Foods Pvt. Ltd. v. United States*, Consol. Court No. 10-00231 Slip Op. 11-96 (CIT August 3, 2011), available at https://enforcement.trade.gov/remands/11-96.pdf ("*Liberty Frozen Remand Redetermination*") (internal citations omitted), sustained by *Liberty Frozen Foods Pvt. Ltd. v. United States*, 819 F.Supp.2d 1346, (CIT Feb. 2012).

This remand redetermination by Commerce further demonstrates how Commerce treats expenses and adjustments recognized by the affiliated U.S. reseller during the period of review in the calculation of the indirect selling expense component of constructed export price as argued in Trina's moving and reply briefs.

### III.   CONCLUSION

For the reasons set forth above, the *Final Results* issued by Commerce in the administrative review involving Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China are not supported by substantial evidence or are contrary to law.

Plaintiffs respectfully request that this Court reverse and remand this case to Commerce with instructions to recalculate Trina's margin after making changes necessary (1) to adjust the U.S. selling prices for countervailed export subsidies; (2) to include the debt-restructuring line item in TUS's income statement in the calculation of indirect selling expenses; and (3) to calculate surrogate values that do not rely on import values that have no corresponding import quantities.

                                        Respectfully submitted,

                                        /s/ Jonathan M. Freed
                                        Robert G. Gosselink
                                        Jonathan M. Freed

                                        **TRADE PACIFIC PLLC**
                                        660 Pennsylvania Avenue, SE, Suite 401
                                        Washington, D.C.  20003
                                        (202) 223-3760

                                        Counsel to Plaintiffs Changzhou Trina Solar Energy
                                        Co., Ltd., and Trina Solar (Changzhou) Science
Dated:  October 30, 2018               and Technology Co., Ltd.