## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| CHANGZHOU TRINA SOLAR ENERGY CO., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>) Court No. 17-00199<br>Defendant, )<br>)<br>and )<br>)<br>SOLARWORLD AMERICAS, INC., )<br>)<br>Defendant-Intervenor. )<br>) | |

## DEFENDANT'S SUPPLEMENTAL BRIEF

                                          JOSEPH H. HUNT
                                          Assistant Attorney General

                                          JEANNE E. DAVIDSON
                                          Director

                                          REGINALD T. BLADES, JR.
                                          Assistant Director

| OF COUNSEL: | JUSTIN R. MILLER |
|---|---|
| JAMES H. AHRENS II | Senior Trial Counsel |
| Attorney | U.S. Dept. of Justice, Civil Division |
| Office of the Chief Counsel | International Trade Field Office |
|    for Trade Enforcement and Compliance | 26 Federal Plaza, Rm. 346 |
| U.S. Department of Commerce | New York, NY 10278 |
| | Tel. (212) 264-9241 |
| | Fax (212) 264-1916 |

November 30, 2018                                                     Attorneys for Defendant

Pursuant to the request of the Court during the oral argument held on October 16, 2018, and email correspondence between the case manager for this case and plaintiff Changzhou Trina Solar Energy Co., Ltd. (Trina), defendant, the United States, respectfully submits this response to Trina's October 30, 2018 supplemental submission in support of its motion for judgment on the agency record. In its supplemental filing, Trina identifies a supplemental authority that it claims supports its position that Commerce improperly determined not to offset Trina's net U.S. selling expenses by certain debt restructuring income. The case relied upon by Trina is inapposite and the Court should deny Trina's claim.

## ARGUMENT

Commerce properly determined not to offset Trina's net U.S. selling expenses by unsubstantiated debt restructuring gains reported by Trina. Because Trina did not provide Commerce with a copy of the debt restructuring agreement or otherwise document the terms of the agreement in its reporting, Commerce was unable to substantiate the current portion of the claimed gain and, therefore, denied Trina the adjustment. *See Certain Crystalline Silicon Photovoltaic Products from China*, 82 Fed. Reg. 32,170 (Dep't Commerce July 12, 2017) (final results antidumping admin. review) (*Final Results*), and accompanying Issues and Decision Memorandum (IDM) at 26-27. Trina argues that Commerce has a long-standing practice of treating indirect selling expenses (or income) as period expenses (or income) that are properly allocated in their entirety to the period of review for which they are submitted. *See* Trina's Rule 56.2 Brief at 12-14; Trina's Supplemental Brief at 1-2. In general, this is true. However, as we have explained, in the particular case of debt restructuring gains and losses, Commerce's practice is to include only the current portion of debt restructuring as an offset. *See* Government's Rule 56.2 Response Brief at 30-31; *see also* IDM at 26-27 (citing *Structural Steel Beams from South*

*Korea*, 65 Fed Reg. 41,437 (Dep't Commerce July 5, 2000), and accompanying Issues and Decision Memorandum at cmt. 26; *Preserved Mushrooms from India*, 68 Fed. Reg. 41,303 (Dep't Commerce July 11, 2003), and accompanying Issues and Decision Memorandum at cmt. 13; *Light-Walled Rectangular Pipe and Tube from Mexico*, 69 Fed. Reg. 53,677 (Dep't Commerce Sept. 2, 2004), and accompanying Issues and Decision Memorandum at cmt. 28).

The reason Commerce distinguishes its treatment of debt restructuring gains and losses from other indirect selling expenses is apparent in Trina's own claims and authorities. In its opening brief, for example, Trina explains that "{b}ecause {indirect selling} expenses cannot be tied to a particular sale, indirect selling expenses *in general* are allocated to all sales in a particular market," which is true. Trina's Rule 56.2 Brief at 12-13; *see also* Trina's Reply Brief at 14 (citing *Warmwater Shrimp from Ecuador*, 69 Fed. Reg. 76,913 (Dep't Commerce Dec. 23, 2004), and accompanying Issues and Decision Memorandum at cmt. 26 ("Indirect selling expenses are period expenses which cannot be associated directly with specific sales and, therefore, no direct correlation between expenses and sales is possible in any given time period.")). Although indirect selling expenses *in general* cannot be allocated to a particular period of time because they do not tie to particular sales, debt restructuring gains can be allocated to a particular period of time by looking to the restructured payment schedule. This is a rather obvious distinction, and as we have explained, Commerce's practice recognizes this distinction. *See*, *e.g.*, *Light-Walled Rectangular Pipe and Tube from Mexico*, 69 Fed. Reg. 53,677 (Dep't Commerce Sept. 2, 2004), and accompanying Issues and Decision Memorandum at cmt. 28 ("It is {Commerce's} practice to offset financial expenses only with the current portion of gain or debt on restructure."). Trina's claim fails in light of this distinction and should be dismissed.

Trina's supplemental brief is not persuasive.  In its supplemental brief, Trina block quotes a passage from the final results of Commerce's remand redetermination in *Liberty Frozen Foods Pvt. Ltd. v. United States*, 791 F. Supp. 2d 1249 (Ct. Int'l Trade 2001), and asserts, without further discussion, that "{t}his remand redetermination by Commerce further demonstrates how Commerce treats expenses and adjustments recognized by the affiliated U.S. reseller during the period of review in the calculation of the indirect selling expense component of constructed export price . . . ."  Trina's Supplemental Brief at 2.  This authority is not on point.  In *Liberty*, the Court remanded for further explanation Commerce's decision not to pro-rate the value of a bad debt write-off when the fiscal year in which the write-off was recorded did not align with the period of review.  *Liberty*, 791 F. Supp. 2d at 1256-57.  Commerce explained on remand that "{j}ust as companies normally do not reflect such annual adjustments in quarterly, monthly or weekly terms, the Department, as a rule, also does not attempt to pro-rate such adjustments into shorter periods of time."  Final Results of Redetermination Pursuant to Court Remand in *Liberty Frozen Foods Pvt. Ltd. v. United States* at 5 (Dep't Commerce Nov. 15, 2011).

The issue in *Liberty* involved resolving an incongruity between the period of review and the fiscal year and whether a pro-rating methodology was necessary to a reasonable analysis.  Comparatively in this case, Commerce in implementing its practice with respect to debt restructuring gains denied Trina's claimed adjustment because, without Trina's debt restructuring agreement, Commerce was unable to substantiate the current portion of the claimed gain.  Accordingly, the *Liberty* case is not comparable.

For these reasons, and those discussed in our prior filings, Commerce's determination in this case is reasonable and should be affirmed.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | JOSEPH H. HUNT<br>Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
| By: | /s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
| OF COUNSEL<br>JAMES H. AHRENS II<br>Attorney<br>Office of the Chief Counsel<br>   For Trade Enforcement & Compliance<br>United States Department of Commerce<br><br>November 30, 2018 | /s/ Justin R. Miller<br>JUSTIN R. MILLER<br>Senior Trial Counsel<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza – Suite 346<br>New York, New York 10278<br>Attorneys for Defendant |