IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CHANGZHOU TRINA SOLAR ENERGY CO., LTD. *et al.*, <br><br>      Plaintiffs and Consolidated Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>      Defendant, <br><br>and <br><br>SOLARWORLD AMERICAS, INC. and CHANGZHOU TRINA SOLAR ENERGY CO., LTD., <br><br>      Defendant-Intervenors and Consolidated Defendant-Intervenor. | Before: Hon. Claire R. Kelly, Judge <br><br> Consol. Ct. No. 17-00199 |

## DEFENDANT-INTERVENOR SOLARWORLD AMERICAS INC.'S COMMENTS ON FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT ORDER

Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.

**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
(202) 719-7000

*Counsel to SolarWorld Americas Inc.*

Dated: May 28, 2019

Consol. Ct. No. 17-00199

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..........................................................................................................1
II. BACKGROUND ............................................................................................................1
    A. The Appeal..........................................................................................................1
    B. The Court's Remand ...........................................................................................2
    C. Commerce's Remand Results .............................................................................2
III. COMMERCE ERRED BY OFFSETTING TRINA'S U.S. SELLING PRICE TO ACCOUNT FOR THE COUNTERVAILED EX-IM BANK BUYER'S CREDIT SUBSIDY PROGRAM ..................................................................2
IV. CONCLUSION...............................................................................................................4

**Consol. Ct. No. 17-00199**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Changzhou Trina Solar Energy Co. v. United States*,
359 F. Supp. 3d 1329 (Ct. Int'l Trade 2019) ....................1, 2, 3

**Statutes**

19 U.S.C. §§ 1677(5)(A)-(B) ....................4

Tariff Act of 1930 § 772(c)(1)(C) ....................3, 4

**Administrative Materials**

*Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China*, 79 Fed. Reg. 76,962 (Dep't Commerce Dec. 23, 2014) ....................3

*Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China*, 80 Fed. Reg. 8592 (Dep't Commerce Feb. 18, 2015) ....................3

*Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China*, 82 Fed. Reg. 32,170 (Dep't Commerce July 5, 2017) ....................1

Consol. Ct. No. 17-00199

I. **INTRODUCTION**

On behalf of SolarWorld Americas Inc. ("SolarWorld"), we respectfully submit the following comments on the Department of Commerce's ("Commerce") April 25, 2019 Final Results of Remand Redetermination ("Remand Results"), ECF No. 78-1. Commerce's Remand Results were filed in response to the order of the U.S. Court of International Trade in *Changzhou Trina Solar Energy Co. v. United States*, 359 F. Supp. 3d 1329 (Ct. Int'l Trade 2019). This case is an appeal of the final results of the first administrative review of the antidumping duty order on *Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China*. See *Crystalline Silicon Photovoltaic Products from the People's Republic of China*, 82 Fed. Reg. 32,170 (Dep't Commerce July 5, 2017) (final results of antidumping duty admin. rev. and final deter. of no shipments; 2014-2016), P.R. 258[1] and accompanying Issues and Decision Memorandum, P.R. 259 ("I&D Memo").

II. **BACKGROUND**

   A. **The Appeal**

In the final results of the first administrative review of the antidumping duty order, Commerce included certain import data with reported quantities of zero in its surrogate value calculations, denied an offset to respondent Trina's U.S. indirect selling expenses for debt restructuring income reported by its U.S. sales affiliate, and determined not to offset the dumping margin by the rate calculated for the Ex-Im Bank Export Buyer's Credit subsidy program in the

---

[1] Documents contained in the administrative record are identified by the name and date of the documents, followed by a reference to the index number assigned to that material in the administrative record indices filed with the Court on September 14, 2016, ECF No. 21. Confidential and public documents on the September 14, 2016 pre-remand administrative record are indicated by "C.R." or "P.R.," respectively, followed by the relevant index number.

Consol. Ct. No. 17-00199

companion countervailing duty administrative review. *See* I&D Memo at cmts. 2, 3, and 9. Respondent Trina appealed these determinations.[1]

### B.   The Court's Remand

On January 25, 2019, the Court affirmed certain aspects and remanded certain aspects of Commerce's final results. *Changzhou Trina Solar Energy*, 359 F. Supp. 3d at 1332. In addition to the issues appealed by SolarWorld, the Court sustained Commerce's decisions to include import data with reported quantities of zero in the surrogate value calculations and to deny offsetting Trina's U.S. indirect selling expenses by the debt restructuring incoming reported by its U.S. sales affiliate. *Id.* With respect to Commerce's decision not to offset Trina's dumping margin by the subsidy rate calculated for the Ex-Im Bank Export Buyer's Credit Program in the most recently completed segment of the companion countervailing duty proceeding, the Court found the decision contrary to law, and it directed the agency to recalculate Trina's dumping margin to account for the offset on remand. *Id.* at 1332, 1337-43.

### C.   Commerce's Remand Results

In the Remand Results, pursuant to the Court's direction and under respectful protest, Commerce increased Trina's U.S. selling prices in its dumping margin calculation by the amount countervailed for the Ex-Im Bank Export Buyer's Credit Program in the most recently completed segment of the companion countervailing duty proceeding. *See generally* Remand Results.

### III.   COMMERCE ERRED BY OFFSETTING TRINA'S U.S. SELLING PRICE TO ACCOUNT FOR THE COUNTERVAILED EX-IM BANK BUYER'S CREDIT SUBSIDY PROGRAM

SolarWorld acknowledges that Commerce has, under protest and as directed by the Court, increased Trina's U.S. selling prices by the amount countervailed to offset the China Ex-

---

[1] SolarWorld also appealed several aspects of Commerce's final results in the antidumping duty administrative review regarding the selection of surrogate values, which were affirmed by the Court in *Changzhou Trina Solar Energy*, 359 F. Supp. 3d at 1332.

2

**Consol. Ct. No. 17-00199**

Im Bank Buyer's Credit Program. *See id.* Nevertheless, SolarWorld urges the Court to find that Commerce has erred by granting this offset in the Remand Results.

The China Ex-Im Bank Buyer's Credit Program was countervailed in the companion countervailing duty investigation. The decision to countervail the program, however, was based on the use of adverse facts available ("AFA"); the agency never determined that the Ex-Im Bank Buyer's Credit Program was an "export subsidy," which is a finding required under section 772(c)(1)(C) of the Tariff Act of 1930 prior to granting the offset at issue here. In fact, Commerce was prevented from making any such determination, because the Government of China failed to provide information regarding and otherwise cooperate with the agency's investigation of the subsidy program, requiring Commerce to rely on AFA in countervailing the program. *See* Issues and Decision Memorandum accompanying *Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China*, 79 Fed. Reg. 76,962 (Dep't Commerce Dec. 23, 2014) (final affirm. countervailing duty deter.) at cmt. 16 (unchanged in *Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China*, 80 Fed. Reg. 8592 (Dep't Commerce Feb. 18, 2015) (antidumping duty order; & amended final affirm. countervailing duty deter. & countervailing duty order)). For example, the Government of China refused to respond even to "basic questions concerning the operation of the program," such as questions regarding the application process and eligibility criteria, sample application forms, and a narrative describing how the Ex-Im Bank supervises and inspects loan usage. *Id.*

Thus, Commerce did not even have access to the information required to determine whether the subsidy program at issue constituted an "export subsidy," let alone make such a determination. Commerce's high-level description of the subsidy program as generally relating in some way to "exported goods" does not constitute a specific determination that the program in

3

**Consol. Ct. No. 17-00199**

question was contingent on export performance. As Commerce noted in its final results, I&D Memo at cmt. 2, the statute defines an export subsidy to be "a subsidy that is, in law or in fact, contingent upon export performance, alone or as 1 of 2 or more conditions." 19 U.S.C. §§ 1677(5)(A)-(B). Such a finding would have been required for the offset made, under section 772(c)(1)(C) of the Tariff Act of 1930. However, as noted above, Commerce was unable to make such a finding here, as it lacked requisite information about the subsidy program due to the Chinese government's failure to cooperate in the countervailing duty investigation. As such, Commerce properly determined not to grant Trina an offset to its U.S. prices for the countervailed Ex-Im Bank Buyer's Credit Program, and its reversal of that decision in the Remand Results is in error.

## IV. CONCLUSION

For these reasons, in addition to those previously raised by SolarWorld to the agency and the Court, Commerce's decision in the Remand Results to offset Trina's U.S. selling price to account for the countervailed Ex-Im Bank Buyer's Credit subsidy program is not supported by substantial evidence and is contrary to law.

Please contact us if you have any questions regarding this submission.

Respectfully submitted,

/s/ Timothy C. Brightbill

Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.

**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
(202) 719-7000

*Counsel to SolarWorld Americas Inc.*

Dated: May 28, 2019

CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for the Defendant-Intervenor Solarworld Americas Inc.'s Comments on Final Results of Redetermination Pursuant to Court Order , as computed by Wiley Rein LLP's word processing system (Microsoft Word 2016), is 1,112 words.

/s/ Timothy C. Brightbill
(Signature of Attorney)

Timothy C. Brightbill
(Name of Attorney)

SolarWorld Americas Inc.
(Representative Of)

May 28, 2019
(Date)