UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| CHANGZHOU TRINA SOLAR ENERGY CO., LTD., TRINA SOLAR (CHANGZHOU SCIENCE & TECHNOLOGY CO., LTD, AND TRINA SOLAR (U.S.) INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. <br><br> and <br><br> SOLARWORLD AMERICAS, INC. <br><br> Defendant-Intervenor | Consol. Court No. 17-00199 |

**<u>ORDER</u>**

Upon consideration of plaintiffs' and consolidated plaintiffs' comments on the Department of Commerce's April 25, 2019 remand redetermination, defendant's response, and all other pertinent papers, it is hereby

ORDERED that the remand redetermination is sustained.

_____
JUDGE

Dated: _____, 2019
         New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| CHANGZHOU TRINA SOLAR ENERGY CO., LTD., TRINA SOLAR (CHANGZHOU) SCIENCE & TECHNOLOGY CO., LTD, AND TRINA SOLAR (U.S.) INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. <br><br> and <br><br> SOLARWORLD AMERICAS, INC. <br><br> Defendant-Intervenor | Consol. Court No. 17-00199 |

**DEFENDANT'S RESPONSE TO COMMENTS**
**REGARDING REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the comments submitted by plaintiffs, Changzhou Trina Solar Energy Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., and Trina Solar (U.S.) Inc. (collectively, Trina), and defendant-intervenor, SolarWorld Americas, Inc. (SolarWorld), concerning the Department of Commerce's (Commerce's) remand redetermination filed in accordance with this Court's decision and remand order in *Changzhou Trina Solar Energy Co., Ltd.. v. United States*, 359 F. Supp. 3d 1329 (Ct. Int'l Trade 2019) (*Changzhou Trina*). *See* Final Results of Second Redetermination Pursuant to Court Remand, ECF No. 78 (Apr. 25, 2019) (Remand P.R. 2) (Remand Redetermination); Plaintiffs' Comments On Remand Redetermination, ECF No. 83 (May 28, 2019) (Pls. Cmts.);

Defendant-Intervenor's Comments On Remand Redetermination, ECF No. 84 (May 28, 2019) (Def.-Int. Cmts.).

This litigation concerns Commerce's first administrative review of the antidumping duty order covering certain crystalline silicon photovoltaic products from China.  *See Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China*, 82 Fed. Reg. 32,170 (Dep't of Commerce July 5, 2017) (final admin. review).  Trina challenged various aspects of Commerce's determination in the review, including Commerce's decision not to offset Trina's dumping margin by the subsidy rate calculated for the Export-Import Bank Export Buyer's Credit Program in the most recently completed segment of the companion countervailing duty proceeding.

After briefing and argument, on October 16, 2018, the Court remanded Commerce's determination.  *See Changzhou Trina*, 359 F. Supp. 3d at 1329.  In *Changzhou Trina*, the Court found that Commerce's decision not to grant an offset for the subsidy rate calculated for the Export-Import Bank Export Buyer's Credit program was "contrary to law because in the parallel CVD investigation Commerce necessarily found that the export buyer's credit program was an export subsidy." *Id.* at 1339.  The Court found that "on remand Commerce must increase Trina's U.S. selling prices by the amount countervailed to offset the export subsidy." *Id.* at 1342.  The Court then ordered Commerce to "recalculate Trina's U.S. selling prices." *Id.* at 1344.

On April 25, 2019, Commerce filed its remand redetermination with the Court.  *See generally* Remand Redetermination.  Pursuant to the Court's order, and under respectful protest, Commerce granted an offset to Trina's United States selling prices for the subsidy rate calculated for the Export-Import Bank Export Buyer's Credit program. *Id.* at 5.

On May 28, 2019, Trina and SolarWorld filed their comments on the remand redetermination. *See* Pls. Cmts; Def.-Int. Cmts. Trina stated that the remand redetermination complies with this Court's instructions in *Changzhou Trina*. Pls. Cmts. 1-2. SolarWorld stated that Commerce's reversal of its decision not to grant an offset for the Export-Import Bank Buyer's Credit Program was "in error" because Commerce did not have sufficient information about the subsidy program to conclude that it was an export subsidy within the meaning of 19 U.S.C. §§ 1677(5)(A)-(B). Def.-Int. Cmts. 4. The Court, however, ordered Commerce to grant the offset, and Commerce's remand redetermination therefore appropriately complies with the Court's order.

For these reasons, we respectfully request that the Court sustain Commerce's remand redetermination.

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General

    JEANNE E. DAVIDSON
    Director

    /s/ Reginald T. Blades, Jr.
    REGINALD T. BLADES, JR.
    Assistant Director

    /s/ Joshua E. Kurland
    JOSHUA E. KURLAND
    Trial Attorney
    Commercial Litigation Branch
    U.S. Department of Justice, Civil Division
    P.O. Box 480
    Ben Franklin Station
    Washington, D.C. 20044
    Tel: (202) 616-0477
    Fax: (202) 353-0461

June 27, 2019        *Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to paragraph 2(B)(2) of the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that these comments comply with the word limitations set forth in paragraph 2(B)(1)(b) of the Chambers Procedures. Specifically, excluding those exempted portions of the brief as set forth in paragraph 2(B)(1) of the Chambers Procedures, I hereby certify that these comments contain 503 words. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word 2016) used to prepare this brief.

/s/ Joshua E. Kurland